**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELINA FRANCISCO PABLO, et al., | No. 21-1350 |
| Petitioners, | Agency Nos. A208-656-911; A208-656-910 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2023**
Pasadena, California

Before: CLIFTON and SANCHEZ, Circuit Judges, and KORMAN, District Judge.***

Angelina Francisco Pablo (Francisco Pablo), and her minor daughter

A.A.P.F., natives and citizens of Guatemala, petition for review of the Board of

Immigration Appeals' (BIA) streamlined decision affirming the Immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

\*\*\* The Honorable Edward Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Judge's (IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. Reviewing the IJ's factual findings for substantial evidence and its legal conclusions de novo, *see Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we dismiss in part and deny in part the petition for review.

1. Francisco Pablo argues that the IJ erred in denying her relief based on past persecution premised on her political opinion. But she explicitly waived this argument before the IJ and did not present it to the BIA. A "[f]ailure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question." *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) (alteration in original) (quoting V*argas v. U.S. Dep't. of Immigr. & Nat.*, 831 F.2d 906, 907–08 (9th Cir. 1987)), *abrogated in part by Santos-Zacaria v. Garland*, 143 S. Ct. 1103 (2023).

2. We also decline to consider Francisco Pablo's argument that she would be subjected to torture upon return to Guatemala as someone with assumed wealth returning from the United States. She did not raise the issue before the IJ, and only mentioned it in the statement of facts without further argument on agency appeal as well as on review here. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned. Furthermore, an issue referred to in the appellant's statement of the case but not discussed in the body of the

opening brief is deemed waived." (internal citations omitted)).

3. Francisco Pablo raises for the first time that the original defective Notice to Appear (NTA) deprived the IJ of jurisdiction. The argument is waived where she did not raise it before the IJ or BIA. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). Even if not waived, a defective NTA does not deprive the immigration court of jurisdiction. *See Karingithi v. Whitaker,* 913 F.3d 1158, 1159 (9th Cir. 2019); *see also United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 755, 214 L. Ed. 2d 454 (2023).

Francisco Pablo also waived the argument that the defective NTA does not stop the accrual of the one-year physical presence required for post-conclusion voluntary departure. *See* 8 U.S.C. § 1229c(b)(1)(A). Although this court has recently held that an NTA missing the date and time does not trigger the time-stop rule under 8 U.S.C. § 1229c(b)(1)(A), *see Posos-Sanchez v. Garland*, 3 F.4th 1176, 1180, 1185 (9th Cir. 2021), Francisco Pablo did not seek post-conclusion voluntary departure before the IJ, and did not present the issue before the BIA after *Posos-Sanchez* was decided. Accordingly, these arguments are dismissed for failure to exhaust.

4. Substantial evidence supports the IJ's determination that there is no nexus between Francisco Pablo's proposed particular social group and fear of future harm. The nexus requirement under asylum requires that "an applicant must show that the protected ground was 'at least one central reason' the

3                                                                          21-1350

applicant was persecuted." *Aden v. Wilkinson*, 989 F.3d 1073, 1084 (9th Cir. 2021) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)). Although the nexus standard for withholding of removal is not as demanding, it still requires that the social group be at least "a reason" for the fear. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017).

Substantial evidence supports the IJ's finding that Francisco Pablo's fear of future harm was grounded in a general fear of violence perpetrated by private actors. A non-citizen's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). The IJ properly considered the evidence before it, including Francisco Pablo's testimony, country conditions, and family ties, to find that there was no nexus between her fear of future persecution and the claimed membership in a particular social group. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of his asylum and withholding of removal claims.").

5. Finally, substantial evidence supports the agency's denial of CAT relief because Francisco Pablo was not subject to past torture and there is no evidence that she faces a particularized risk of torture if returned to Guatemala. She presented no evidence that criminal gangsters in Guatemala acted with the consent or acquiescence of any government official. Francisco Pablo argues that the Guatemalan government's efforts to remedy violence are generally

ineffective. But "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence" and the "inability to bring the criminals to justice is not evidence of acquiescence, as defined by the applicable regulations." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016); *see also Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1184 (9th Cir. 2020).

**PETITION DISMISSED IN PART AND DENIED IN PART.**